IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERESA SCHERER THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:13-CV-429-G-BH |
| ) | |
| HUGHES, WATTERS & ASKANASE, LLP, ) | |
| ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated November 19, 2012, before the Court for recommendation is the plaintiff's *Motion for Temporary Restraining Order*, received January 30, 2013 (doc. 7). Based on the relevant filings and applicable law, Plaintiff's motion should be **DENIED**.

**I. BACKGROUND**

On January 30, 2013, Teresa Scherer Thompson (Plaintiff) filed this action against Hughes, Watters & Askanase, LLP (Defendant), asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and for negligence. (*See* doc. 3 at 12-14.) She claims that on or about March 27, 2012, Defendant sent her a collections letter on behalf of the holder of the note that made demand for payment of a debt concerning a consumer mortgage agreement and claimed the existence of a document establishing a lien on her property. (*Id.* at 1, 5.) The letter requested that Plaintiff make payment arrangements for the outstanding balance of $7,266.68. (*Id.* at 1) She claims that Defendant has failed to provide her with validation of the debt. (*Id.*) Plaintiff contends that Defendant violated the FDCPA by using "false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt" and "by threatening to

take action that could not legally be taken" in violation of § 1692(e)(2),(5) and (f). (*Id.* at 10-11.) She also contends that the demand for payment was made negligently or fraudulently. (*Id*.) Citing a Notice of Acceleration Enclosing Notice of Substitute Trustee's Sale, dated January 9, 2013, she seeks a temporary restraining order to enjoin the foreclosure of her home. (*See* doc. 7 at 1-2.) The foreclosure is scheduled for February 5, 2013. (*Id.* at 8.)

## II. APPLICATION FOR TRO

A party may obtain a TRO without notice to the other side if it satisfies the necessary requirements, which are:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show entitlement to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Here, Plaintiff has not shown that she has given Defendant notice of her request for injunctive relief. Although her complaint is verified, it does not satisfy the requirements for a TRO under Rule 65(b) by clearly showing an immediate, irreparable injury, loss, or damage that will result before Defendant can be heard in opposition, and by providing a written certification of her efforts to give notice or proffering reasons why notice should not be required. She merely states that there is "not sufficient time to give Defendant proper notice of a hearing on a motion for preliminary injunction", (doc. 7 at 2), but she does not explain why. Her motion is subject to denial for this reason alone.

In addition, "[t]o obtain a temporary restraining order, [Plaintiff] must show entitlement to

2

a preliminary injunction." *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-CV-1696-D, 2011 WL 3157214, at *1 (N.D. Tex. July 26, 2011) (Fitzwater, C.J.) (citations omitted). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

A. **Likelihood of Success**

To establish the first element of likelihood of success on the merits, a "plaintiff must present a prima facie case but need not show that he is certain to win." *Janvey v. Alguire*, 628 F.3d 164, 175 (5th Cir. 2010). The first element is assessed by looking at standards provided by substantive law. *Id.* (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).

The FDCPA prohibits a "debt collector" from: 1) using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" or 2) using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e-f. A "debt collector" is also required to provide a proper validation notice of a consumer's rights and to refrain from engaging in collection activities or communications which "overshadow" or are "inconsistent with the disclosure of the consumer's right to dispute the debt" within the 30-day window for

3

disputing a debt. 15 U.S.C. § 1692g(a) and (b).

A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute sets forth two categories of debt collector – those who collect debts as the "principal purpose" of their business and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008). "A person may 'regularly' collect debts even if debt collection is not the principal purpose of his business." *Id*. "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt collection activities." *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007). *See also Garrett v. Derbes*, 110 F.3d 317 (5th Cir. 1997).

Here, Plaintiff characterizes Defendant as a debt collector. She does not allege, however, that Defendant is either engaged "in any business the principal purpose of which is the collection of any debts" or that they "regularly collect or attempt to collect . . . debts." Nor has she provided well-pleaded specific factual allegations of "any false, deceptive, or misleading representation or means in connection with the collection of any debt", using "unfair or unconscionable means to collect or attempt to collect any debt", a failure to provide a proper validation notice of a consumer's rights, or a failure to refrain from engaging in collection activities or communications which "overshadow" or are "inconsistent with the disclosure of the consumer's right to dispute the debt". She must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" in order to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the

4

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). She has not done so in this case. Her claims for negligent and fraudulent misrepresentations fail for the same reason. Because she has failed to state a claim, she has failed to establish a likelihood of success on the merits of her claim.

## B. Irreparable Harm

To satisfy the second element of the preliminary injunction standard, the plaintiff must show "that if the district court denied the grant of a preliminary injunction, irreparable harm would result." *Janvey*, 647 F.3d at 600 (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). Injuries are irreparable only when they "cannot be undone through monetary remedies." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008) (citation omitted).

Plaintiff alleges that she has "no adequate remedy at law because once the foreclosure sale has taken place [she] will suffer the complete loss of the property". (doc. 7 at 6.) Loss of a home would cause irreparable injury. *See Belknap v. Bank of America, N.A.*, G-12-198, 2012 WL 3150271, at *3 (S.D. Tex. Aug. 1, 2012) (citation omitted); *see also U.S. v. Goltz*, SA-06-CA-503-XR, 2007 WL 295558, at *3 (W.D. Tex. Jan. 25 2007 ) (loss of property is usually considered an irreparable injury). Irreparable harm alone will not support equitable relief, however, because "the likelihood of success is the 'main bearing wall'" of the test." *Id.* (citation omitted); *see also Goltz*, 2007 WL 295558, at *3.

## C. Balance of Equities

The third element requires a preliminary injunction applicant to show that the threatened injury outweighs any harm the injunction might cause. *See Winter*, 555 U.S. at 23. Plaintiff contends that the threatened harm to her outweighs any harm to Defendant because her property will

5

sit empty for the duration of the case to her detriment as well as that of Defendant. (doc. 7 at 7.) This allegation of detriment to both sides does not suffice to meet her burden with respect to the third element of the preliminary injunction standard, and she has failed to show that the balance of equities weighs in her favor.

**D. Public Interest**

Finally, the fourth element requires a preliminary injunction applicant to show that the injunction is in the public interest. *Winter*, 555 U.S. at 20. Plaintiff contends that a preliminary injunction will not adversely affect the public interest "because there are already a great number of empty houses with the current residential foreclosure mess." (doc. 7 at 7.) This allegation is also insufficient to show that granting a temporary restraining order is in the public interest. At least one court has found in the context of an impending foreclosure sale that because only the parties to the suit are affected, this factor is neutral. *Belknap*, 2012 WL 3150271, at *3.

In conclusion, Plaintiff's unsupported conclusory statements, even though verified, are not sufficient to show entitlement to preliminary injunctive relief. *See Preston v. Seterus, Inc.*, 3:12-CV-2395-L, 2012 WL 3848122, at *3 (N.D. Tex. Sept. 5, 2012) (citing *Hunt v. Bankers Trust Co.*, 646 F. Supp. 59, 66 (N.D. Tex. 1986). She has failed to carry her burden of showing why a termporary restraining order or a preliminary injunction should issue in this case.

## IV. RECOMMENDATION

Plaintiff's motion should be **DENIED**.

**SO RECOMMENDED this 31st day of January, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                  _____
                  IRMA CARRILLO RAMIREZ
                  UNITED STATES MAGISTRATE JUDGE